# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARGARET BOZGOZ, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>FRED HAYNES, *et al.*,<br><br>   *Defendants*. | No. 19-cv-2790 (RDM) |

## MEMORANDUM OPINION AND ORDER

This case came before the Court after Plaintiffs, who are proceeding *pro se*, filed their

Fourth Amended Complaint—or, more precisely, a supplemental complaint, Dkt. 1-1—when the

case was pending before a different judge, adding claims against that judge and other individuals

relating, in large part, to Plaintiffs' efforts to effect service and various conflicts that arose from

those efforts.  *See* Dkt. 1.  Although the Court has granted Plaintiffs two (lengthy) extensions of

time to effect service on the newly added defendants, *see* Minute Order (Dec. 13, 2019); Dkt. 7;

although more than eight months have passed since service was due under Rule 4(m), Fed. R.

Civ. P. 4(m), *see also Bozgoz v. James*, No. 19-cv-239 (D.D.C.) (Dkt. 41) (supplemental

complaint filed Aug. 15, 2019); and although the Court referred Plaintiffs "to Federal Rule of

Civil Procedure 4, which addresses how to effect service," Dkt. 7 at 3, Plaintiffs have yet to

effect service on the newly added defendants.  In the meantime, Plaintiffs have filed seven

motions, several of which bear on whether the undersigned should hear their claims, Dkt. 8; Dkt.

10; Dkt. 11, and several of which concern Plaintiffs' service obligations, Dkt. 9; Dkt. 12.

For the reasons explained below, the Court concludes that the undersigned is not

disqualified from hearing this case and that the case should not be transferred to another judge or

another jurisdiction; that Plaintiffs should not be granted leave to file yet another supplemental complaint, this time naming the undersigned and others; that the Court should hear from the federal defendants regarding whether counsel has accepted service on their behalves or otherwise waived a failure to effect service defense; that Plaintiffs should be granted one final opportunity to effect service on the non-federal defendants; and that the remaining motions should be denied as premature in light of Plaintiffs' failure to serve some or all of the Defendants named in Plaintiffs' Fourth Amended Complaint.

## I.  BACKGROUND

On January 29, 2019, Plaintiffs filed a complaint against several employees of the Department of Veterans Affairs alleging violations of numerous civil rights statutes.  *See Bozgoz v. James*, No. 19-cv-239 (D.D.C. filed Jan. 29, 2019) (ECF No. 1).  In the course of pursuing that action, Plaintiffs twice moved to recuse the presiding judge, Judge Amy Berman Jackson, after she denied several of their motions.  *See Bozgoz v. James*, No. 19-cv-239 (D.D.C. filed Jan. 29, 2019) (Dkt. 24); *id.* (Minute Order (Jul. 12, 2019)) (denying the motion to recuse at Dkt. 24); *id.* (Dkt. 32) (moving to amend and for Judge Jackson's recusal); *id.* (Minute Order (Jul. 25, 2019)) (denying the motion to recuse at Dkt. 32).

On August 15, 2019, Plaintiffs filed their Fourth Amended Complaint—or, more precisely, their first supplemental complaint—in 19-cv-239 and included claims against Judge Jackson and others relating, among other things, to Plaintiffs' efforts to serve the complaint in that matter and various ensuing conflicts.  *See Bozgoz v. James*, No. 19-cv-239 (D.D.C. filed Jan. 29, 2019) (Dkt. 41).  In response, Judge Jackson severed the claims in the Fourth Amended Complaint that arose after the initiation of the case before her, and those claims were then

referred, by random assignment, to the undersigned judge for further proceedings.  *See Bozgoz v. James*, No. 19-cv-239 (D.D.C. filed Jan. 29, 2019) (Dkt. 45).

Although the Fourth Amended Complaint was filed on August 15, 2019, *Bozgoz v. James*, No. 19-cv-239 (D.D.C. filed Jan. 29, 2019) (Dkt. 41), Plaintiffs did not effect service on the newly added defendants within the 90-day period specified in Rule 4(m).  *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (time period for service under Rule 4(m) runs from date new defendants are added to a complaint); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2020) ("[A]dding a new party through an amended complaint initiates a new timetable for service upon the added defendant.").  On December 9, 2019, however, they sought an extension of time, Dkt. 2, which the Court granted in part and ordered that "Plaintiffs shall serve the complaint and summons on Defendants on or before January 22, 2020," Minute Order (Dec. 13, 2019)—over two months after the 90-day period to effect service would ordinarily have run.

Plaintiffs did not serve the Fourth Amended Complaint on the newly added defendants by that date and, instead, filed motions seeking, among other things, an order "consolidating" the case still pending before Judge Jackson with this case (in essence, seeking once again to disqualify Judge Jackson by transferring the entire case to the undersigned); accommodations in serving the complaint including service by the United States Marshals Service; and a further extension of time to serve the complaint.  *See* Dkt. 3; Dkt. 4.  On February 4, 2020, the Court issued an order addressing these motions and *sua sponte* dismissing the claims against Judge Jackson and Judge Zuberi Bakari Williams, a district judge in Montgomery County, Maryland, as barred by judicial immunity.  *See* Dkt. 7.  The Court denied Plaintiffs' request for service by the United States Marshals Service and referred Plaintiffs to the rules for effecting service set

forth in Federal Rule of Civil Procedure 4. *See id.* at 3. To provide Plaintiffs with ample opportunity to effect service under Rule 4, the Court extended the time for Plaintiffs to effect service until March 20, 2020. *See id.* at 4.

Since then, Plaintiffs have filed a motion to recuse the undersigned judge, Dkt. 8; a motion for acceptance of substitute service, Dkt. 9; a motion to transfer the case, Dkt. 10; a motion to amend the complaint to include allegations against, among other individuals, the undersigned judge and the Courtroom Deputy Clerk, Dkt. 11; a motion requesting that the Court "EXPLAIN DENAIL [sic] OF FIFTH AMENDED COMPLAINT WITHOUT FILING THE DOCUMENT IN THE COURT RECORDS AND ETC.," Dkt. 12; a motion to amend the complaint in light of Plaintiffs' satisfaction of "the Administrative Claim requirement of the Federal Tort Claims Act," Dkt. 14; and a motion for an order to expedite the case, Dkt. 16. Plaintiffs have filed thousands of pages of materials along with these motions. While their motion for recusal was pending, Plaintiffs also filed a petition for a writ of mandamus in the D.C. Circuit, seeking to compel the recusal of both of Judge Jackson and the undersigned. *See In re Margaret Sue Bozgoz*, No. 20-5149, 2020 U.S. App. LEXIS 20217 (D.C. Cir. Jun. 26, 2020). In a per curiam opinion, the D.C. Circuit denied that petition, holding that Plaintiffs "[have] provided no reasonable basis for questioning the impartiality of the judges." *Id.*

## II. ANALYSIS

Plaintiffs' motions fall into three buckets: motions that implicate the undersigned's ability to preside over the matter, Dkts. 8, 10 & 11; motions pertaining to service of process, Dkts. 9, 12; and other motions, Dkts. 14 & 16. Resolution of each group of motions determines whether the Court can and must address the next set of issues. The Court begins by considering the three motions that implicate whether the undersigned judge should preside over this matter.

4

**A.      Motion to Recuse**

Plaintiffs move to recuse the undersigned judge because "(1) he has proven . . . that he cannot fairly decide [their] case against the defendants and (2) [he] ha[s] violated federal" protections for individuals with disabilities by denying their requested accommodations with respect to service of process.  *See* Dkt. 8 at 6.  In a lengthy motion, much of which recounts events prior to the filing of this case, *see id.* at 8–20, Plaintiffs argue that the Court's dismissal of Plaintiffs' claims against Judges Jackson and Williams and the Court's denial of leave to file the Fifth Amended Complaint demonstrate bias, *see id.* at 21–27.  Mere disagreement with a judge's rulings, however, does not provide an appropriate basis for seeking recusal.  As the Supreme Court has opined, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" that would require a judge's recusal.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Indeed, in rejecting Plaintiffs' mandamus petition in this very matter, the D.C. Circuit invoked that precise principle.  *See In re Bozgoz*, 2020 U.S. App. LEXIS 20217, at *1 (quoting *In re: Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992)).  Here, the only argument that Plaintiffs offer beyond their disagreement with the Court's rulings is the unfounded speculation that the Court engaged in improper *ex parte* communications with the Assistant United States Attorney assigned to the case numbered 19-cv-239.  *Id.* at 28.  Plaintiffs' factual surmise is incorrect.

The Court, accordingly, concludes—as did the D.C. Circuit based on similar contentions—that Plaintiffs have failed to offer any "reasonable basis for questioning the impartiality of the" undersigned.  *In re Bozgoz*, 2020 U.S. App. LEXIS 20217, at *1.  The Court will, accordingly, deny Plaintiffs' recusal motion.

**B.      Plaintiffs' Motion to Add New Defendants**

Plaintiffs also move to add new defendants to the action, including the undersigned judge, the Courtroom Deputy Clerk, and three current and former lawyers from the United States Attorney's Office for the District of Columbia.  *See* Dkt. 11.  In their most recently proposed Fifth Amended Complaint, Dkt. 11-1, Plaintiffs recount the allegations raised in their motion for recusal: the Court's denial of leave to file their previously proffered Fifth Amended Complaint; the timing of the Court's minute order explaining its reason for denying leave to file that amended complaint; the Court's dismissal of the claims against Judge Jackson; and the Court's denial of Plaintiffs' motion seeking service by the United States Marshals Service as a form of reasonable accommodation.  *See* Dkt. 11-1 at 171–74.  Because the proposed pleading seeks to add claims based on events that occurred after the prior complaints were filed, Plaintiffs' motion is properly treated as a motion to supplement, which, pursuant to Federal Rule of Civil Procedure 15(d), requires leave of Court.  Fed. R. Civ. P. 15(d); *see also Untied States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) ("[S]upplements always require leave of the court.").

As an initial matter, the Court concludes that it is not necessary (or appropriate) to reassign this case or, once again, to sever a portion of the case, even though Plaintiffs seek leave to add claims against the undersigned judge.  Although 28 U.S.C. § 455(b)(5)(i) provides that a judge "shall . . . disqualify himself" when he "[i]s a party to the proceeding," the undersigned is not currently a party to the case, and a party may not engage in judge-shopping by seeking leave to add the assigned judge whenever dissatisfied with the Court's rulings.  Here, that principle applies with particular force because the gravamen of the claims that Plaintiffs seek to add is that the Court has incorrectly decided a variety of motions.  Were that a sufficient basis to obtain leave to add and thereby to disqualify the judge, disappointed parties could continuously seek to disqualify the assigned judges, until they either obtain rulings with which they agree or they

exhaust the pool of available judges.  Such an approach would undermine the very purpose that §

455 was designed to serve—fostering public confidence in the integrity of the judicial process.

In analogous cases, courts have recognized that a party may not bring a claim against the

assigned judge or take other actions in order to force her to recuse.  *See Rodriguez ex rel*

*Rodriguez-Hazburn v. Nat'l Ctr. for Missing & Exploited Children*, 2005 WL 736526, at *16

(D.D.C. 2005) (collecting cases).  Just as a Court may rule on a motion to recuse, district courts

have resolved motions by parties seeking to add claims against the presiding judge and have, on

occasion, addressed the merits of those claims directly.  *See, e.g., White v. Stephens*, No. 13-cv-

2173, 2014 U.S. Dist. LEXIS 138876, at *1–2 (W.D. Tenn. Aug. 28, 2014); *Bey v. Hylton*, No.

12-cv-5875, 2013 U.S. Dist. LEXIS 176840, at *12–13 (S.D.N.Y. Dec. 16, 2013).  *But see*

*Rembold v. Helsel*, 2017 U.S. Dist. LEXIS 90590, at *5 (D. Md. Jun. 13, 2017) (referring a

motion to amend the complaint to include allegations against the presiding judge for decision by

the Chief Judge of the District).  These "'courts have refused to disqualify themselves under [§]

455(b)(5)(i) unless there is a legitimate basis for suing the judge' in order to prevent plaintiffs

from 'judge-shopping.'"  *Rodriguez ex rel Rodriguez-Hazburn*, 2005 WL 736526, at *16

(quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988)); *see also United*

*States v. Nagy*, 19 F. Supp. 2d 139, 140 (S.D.N.Y. 1998) ("A judge is not disqualified merely

because a litigant sues or threatens to sue him.  Such an easy method for obtaining

disqualification should not be encouraged or allowed.") (internal quotation marks omitted).

Here, Plaintiffs move for leave to add the undersigned judge to the case as a defendant,

alleging that the Court has committed various errors and demonstrated a bias against them in the

course of adjudicating this case.  The D.C. Circuit has already considered the substance of

Plaintiffs' claims in rejecting their mandamus petition, holding that those allegations did not give

rise to an inference of bias or otherwise require recusal. *In re: Bozgoz*, 2020 U.S. App. LEXIS 20217, at *1. Plaintiffs cannot circumvent that conclusion by repackaging their contentions in the form of a motion for leave to file a supplemental complaint naming the presiding judge as a party.

This is not Plaintiffs' first foray at judge shopping. They have sought to recuse both Judge Jackson and the undersigned; they have sought to consolidate the portion of the case pending before Judge Jackson with the portion of the case pending before the undersigned; they have sued Judge Jackson; and they have sought to transfer the portion of the case pending before the undersigned to another district. Although the Court need not rely on the rule of necessity to reject Plaintiffs' effort to disqualify the undersigned by supplementing their complaint, it is reasonable to assume that, were the Court to sever a portion of the case, as Judge Jackson did, Plaintiffs would, once dissatisfied with a ruling from the next judge, seek to supplement their complaint to name that judge as well, and that this process would continue from judge to judge. The Court, accordingly, concludes that it should resolve Plaintiffs' pending motion to supplement.

Where a plaintiff seeks to add claims that pertain to "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," Fed. Civ. P. 15(d), the decision to grant a motion for leave to file a supplemental pleading is "within the discretion of the district court," *Xingru Lin v. District of Columbia*, 319 F.R.D. 1, 1 (D.D.C. 2016). Leave to supplement is generally "'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action,'" *Hall v. C.I.A.*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting Wright & Miller, Federal Practice &

Procedure § 1504 (3d. ed. 2020)).  That standard is not satisfied in this case.  Permitting

supplementation would cause further, unnecessary delay in resolving this case and will serve no

legitimate purpose.  It would run afoul of this Court's admonitions that "this case is limited in

scope to the allegations that were severed from case number 19-cv-239;" "that all future filings

in this case should relate only to the allegations that were severed from case number 19-cv-239;"

and that "[a]ll filings containing other allegations or relating to the substance of case number 19-

cv-239 may be rejected by this Court."  Minute Order (Feb. 4, 2020).  And it would invite further

judge shopping.

The Court will, therefore, deny Plaintiffs' Motion to Add New Defendants.

## C.      Motion to Transfer

Plaintiffs also seek to transfer the "entire case to another state preferably to" the District

of Maryland or the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  Dkt. 10.

Section 1404(a) permits a district court to transfer a civil case to another district "[f]or the

convenience of the parties and witnesses," if the transfer serves the "interest of justice" and the

case "might [originally] have been brought" in transferee district.  28 U.S.C. § 1404(a).  "The

moving party bears the burden of establishing that transfer is proper."  *Pueblo v. Nat'l Indian

Gaming Comm'n*, 731 F. Supp. 2d 36, 39 (D.D.C. 2010).

Here, Plaintiff offers only one ground for seeking to transfer the action: "relief is needed

because the assigned Judges, Judge Amy Berman Jackson and Judge R. Moss have conducted

treason upon the court."  *See* Dkt. 10 at 2.  Section 1404(a), however, permits transfer for the

convenience of the parties and witnesses; it is not yet another mechanism for judge shopping or

seeking recusal of judges who have entered orders with which the moving party disagrees.  That

is particularly so where, as here, the district court and the court of appeals have already determined that recusal is not warranted.

The Court, accordingly, finds that the "interests of justice" do not support transfer of this action to either the District of Maryland or the Eastern District of Virginia.

**D.     Service of Process**

Plaintiffs also move for "Acceptance of Substitute Service."  Dkt. 9.  It appears that they mailed this motion to the Court prior to issuance of the Court's February 4, 2020 order addressing their previously filed motions related to service.  *See id.* at 18.  Plaintiffs attach to their motion copies of Proofs of Service completed by a nonparty, Millie Daniels, in which Daniels attests that she sent the Fourth Amended Complaint by email to Assistant United States Attorney Matthew Khan, who, according to Plaintiffs, indicated the he would accept service "on behalf of VA, EEOC, and USPS Defendants."[1]  *See id.* at 2; *see also* Dkt. 9-2 at 4–50 (proofs of service prepared by Daniels for various defendants).  These exhibits also purport to show that Daniels mailed the Fourth Amended complaint to the Civil Process Clerk at the United States Attorney's Office for the District of Columbia.  *See* Dkt. 9-2 at 3.  Plaintiffs also attach an email from Kahn indicating that he would accept service on behalf of certain employees of the Department of Veterans Affairs ("VA").  *See* Dkt. 9-2 at 127.

---

[1]  Plaintiffs also assert that AUSA Alan Burch indicated that he would accept service of the complaint on behalf of certain defendants and, in making that assertion, they cite to an "Exhibit J."  After reviewing the more than 1000 pages of exhibits Plaintiffs attached to this motion, the Court has not found an Exhibit J.  Plaintiffs do include an email from Burch indicating that, in general, the Plaintiffs could email rather than mail him documents relating to case number 19-cv-239. Dkt. 9-2 at 3.  In any event, Plaintiffs' own proof of service documents indicate that only the first version of their Fifth Amended Complaint, which Plaintiffs did not have leave to file, was sent to Mr. Burch.  *See id.* at 4–50; *see also* Minute Order (Feb. 4, 2020) (denying leave to file the Fifth Amended Complaint).

Plaintiffs appear to have effected service on at least Voncelle James prior to this case's severance from case number 19-cv-239.  It appears that counsel accepted service on behalf of James and, in any event, James appeared in the action without asserting (and thereby waiving) any defense related to service.  *See Bozgoz v. James*, No. 19-cv-239 (filed Jan. 29, 2019).  With respect to the other federal defendants—James Byrne, Darryl Blackwell, Fred Haynes, and Matthew Kahn—the record is unclear.  AUSA Kahn indicated that he could accept service on behalf of Byrne and Blackwell, *see* Dkt. 9-2 at 127, and Plaintiffs sent a copy of the Fourth Amended Complaint to Kahn by email and to the United States Attorney's Office for the District of Columbia, Dkt. 9-2 at 117.  Because the United States Attorney's Office has not yet appeared, the Court does not know whether it takes the position that this effort to serve Byrne and Blackwell was in fact insufficient, and the Court does not know what position the United States Attorney's Office will take with respect to service on Hayes and Kahn.  *See Candido v. District of Columbia*, 242 F.R.D. 151, 161 (D.D.C. 2007) (noting that a defendant can waive or forfeit an insufficiency of service defense).  With respect to the federal defendants, the Court will, accordingly, order that the United States Attorney's Office file a status report indicating which of the defendants in this action that office represents and what position it intends to take with respect to service of process of each of the federal defendants.  If the United States Attorney's Office does represent these individuals and contends that one or more of them have not been properly served, the Court will further require that the United States Attorney's Office file a brief setting forth its contentions.

With respect to the remaining non-federal defendants—Khalil James, Tracy D'Souza, J. Gray, Tawana Holland, and John McCarthy—there is no evidence that Plaintiffs properly effected service on them.  None of the communications with the AUSAs in the original suit

suggest that they would accept service on behalf of any of those individuals—nor could the United States Attorney's Office represent any of the non-federal Defendants.  Thus, Plaintiffs cannot have effected service on these defendants by mailing or emailing the fourth amended complaint to AUSA Kahn.

Because Plaintiffs have made attempts to serve these non-federal defendants, albeit incorrectly, the Court will afford Plaintiffs a final opportunity to serve them.  The Court, however, is cognizant that the instant lawsuit arises from Plaintiffs' prior efforts to serve various defendants, which allegedly resulted in physical altercations.  The Court also recognizes that Plaintiffs have argued that their disabilities require that they receive accommodations with respect to service of process.  *See* Dkt. 2.  In light of those considerations, the Court notes that Plaintiffs may serve these five individuals pursuant to Federal Rule of Civil Procedure 4(e)(1), which permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Thus, Plaintiffs may effect service by following the rules of the D.C. Superior Court, including by having *a non-party* over the age of 18 send the complaint to each defendant by registered or certified mail with return receipt requested.  *See* D.C. Sup. Ct. R. 4(c)(4); *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349 (D.D.C. 2020) (requiring that a non-party over 18 effect service where a party is seeking to serve by mail in compliance with state law pursuant to Rule 4(e)(1)).  The Court, therefore, will give Plaintiffs until August 25, 2020 to file proof of service that complies with Rule 4.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to recuse, Dkt. 8, motion for acceptance of substitute service, Dkt. 9, motion to transfer case, Dkt. 10, and motion to amend/correct complaint, Dkt. 11, are hereby **DENIED**.  It is further **ORDERED** that the U.S. Attorney's Office shall file a status report on or before August 18, 2020 indicating which, if any, of the federal defendants that office represents for purposes of this proceeding and whether, as to each such defendant, the defendant contests service.  It if further **ORDERED** that, if any such defendant contests service, the U.S. Attorney's Office shall file a motion raising any such defense on or before September 4, 2020.  It is further **ORDERED** that Plaintiffs shall file proof of service with respect to the remaining non-federal defendants on or before August 25, 2020. Plaintiffs are cautioned that, if they failed to file proof of proper service of process by that date as to any of the remaining non-federal defendants, or fail to show good cause by August 25, 2020 why the Court should further extend that deadline, the Court "must dismiss the action without prejudice against any such defendant" pursuant to Federal Rule of Civil Procedure 4(m). It if further **ORDERED** that Plaintiffs' remaining pending motions, Dkt. 12, Dkt. 14, Dkt. 16, are **DENIED** as premature in light of the uncertainty with respect to the sufficiency of Plaintiffs' efforts to serve the defendants newly named in the Fourth Amended Complaint.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 4, 2020