**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARGARET BOZGOZ, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 19-2790 (RDM) |
| DARRYL GLEN BLACKWELL, *et al.*, | |
| *Defendants.* | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs have filed a series of motions seeking to amend their complaint, to add parties

to this action, to place documents on the record, and to compel the United States Marshals

Service ("USMS") to effect service on their behalves.  For the following reasons, the Court will

**DENY** each of these motions.  *See* Dkt. 25; Dkt. 26; Dkt. 27; Dkt. 28; Dkt. 30; Dkt. 31.

**A.**     **Motions to Amend**

On January 29, 2019, Plaintiffs filed a complaint against several employees of the

Department of Veterans Affairs alleging violations of numerous civil rights statutes.  *See Bozgoz*

*v. James*, No. 19-cv-239 (D.D.C. filed Jan. 29, 2019) (ECF No. 1).  On August 15, 2019,

Plaintiffs filed their first supplemental complaint in that action.  *See id.* (ECF No. 41).  The

supplemental complaint included claims against Judge Amy Berman Jackson, who was the

presiding judge in the matter; a Maryland state court judge; Maryland state prosecutors; and

other court officials that related to, among other things, Plaintiffs' efforts to serve the complaint

in that matter and various conflicts that ensued.  *See id.*  In response, Judge Jackson severed

these new claims, and, because those claims involved her, she referred the severed claims to the

Calendar Committee for random reassignment.  *See id.* (ECF No. 45 at 2).  The severed claims were then assigned to the undersigned judge for resolution.

Since then, Plaintiffs have repeatedly moved to amend their complaint, Dkt. 3; Dkt. 6; Dkt. 11; Dkt. 14; Dkt. 20; Dkt. 25, and have sought leave to file hundreds of pages of materials which, although not captioned as such, also attempt further to amend or supplement Plaintiffs' pleadings in this case, Dkt. 28; Dkt. 30; Dkt. 31.  As the Court has previously explained, however, "[t]his case is limited in scope to the allegations that were severed from case number 19-cv-239."  Minute Order (Feb. 4, 2020).  Judge Jackson made clear what allegations those were: "all events and claims arising between January 29, 2019 and August 7, 2019, including the [following] paragraphs of the" first supplemental complaint:

- 208–78 (pages 93–121)

- 279 (pages 122–24)

- 275–80 (pages 124–56)

- 287D–287DD (pages 173–85)

- 287 (pages 185–86).

*Bozgoz*, No. 19-cv-239 (ECF No. 45 at 2).  Any allegations not "relating to the substance of" the foregoing are, accordingly, not within the scope of this action, Minute Order (Feb. 4, 2020), which was initiated merely to address the limited subset of claims that Judge Jackson concluded should be assigned to another judge.  For this reason, Plaintiffs' latest motions, which among other things, request a whistleblower investigation into the conduct of Department of Justice Officials and the Court, Dkt. 30 at 5–9; seek to add former President Donald Trump and Army Major General Omar J. Jones as defendants, Dkt. 25 at 1–2; and contain hundreds of pages of additional allegations postdating the filing of the first supplemental complaint in 19-cv-239, *see*

*generally* Dkt. 31, must be denied.  The Court, therefore, will reject Plaintiffs' most recent

attempt to add parties and allegations unrelated to the severed claims identified above.  Dkt. 25;

Dkt. 28; Dkt. 30; Dkt. 31.

To be sure, the Court recognizes that Federal Rule of Civil Procedure 15 permits

plaintiffs to move to supplement a complaint by adding claims that pertain to "any transaction,

occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R.

Civ. P. 15(d).  But the decision whether to permit the filing of a supplemental pleading "'is

within the discretion of the district court,'" *Xingru Lin v. District of Columbia*, 319 F.R.D. 1, 1

(D.D.C. 2016) (quoting *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir.

1996)), and, generally, leave to file is granted only "'when doing so will promote the economic

and speedy disposition of the entire controversy between the parties, will not cause undue delay

or trial inconvenience, and will not prejudice the rights of any of the other parties to the action,'"

*Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting Charles Alan Wright & Arthur R.

Miller, Federal Practice & Procedure § 1504 (3d ed. 2020)).  Here, permitting Plaintiffs to

continue to amend and to supplement the severed, supplemental complaint pending before the

undersigned judge would not serve the ends of justice for several reasons.

First, as the Court has already elucidated, and as it reiterates today, "[p]ermitting

supplementation [in this case] would cause further, unnecessary delay in resolving this case and

will serve no legitimate purpose.  It would run afoul of this Court's admonitions that 'this case is

limited in scope to the allegations that were severed from case number 19-cv-239;' 'that all

future filings in this case should relate only to the allegations that were severed from case

number 19-cv-239;' and that '[a]ll filings containing other allegations or relating to the substance

of case number 19-cv-239 may be rejected by this Court.'"  *Bozgoz v. Haynes*, No. 19-cv-2790,

2020 WL 4462980, at *4 (D.D.C. Aug. 4, 2020) (quoting Minute Order (Feb. 4, 2020)); *see also* Minute Order (Mar. 17, 2021); Dkt. 7 at 3 (denying leave to amend and "caution[ing] [Plaintiffs'] that future filings in this case that reach beyond the scope of the allegations that were severed from the case numbered 19-cv-239 or that otherwise seek to import the claims in that case into this case may be rejected"). This separate docket was not created to permit Plaintiffs to pick and choose which claims to assert before Judge Jackson and the undersigned, to litigate the same issues before two judges of this Court or, worse yet, to assert claims before the undersigned that they neglected or declined to raise before Judge Jackson.

Second, and relatedly, Plaintiffs' hundreds of pages of proposed amended or supplemental pleadings fail to comply with Federal Rule of Civil Procedure 8. That Rule requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further demands that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (internal quotation marks and citation omitted). Accordingly, it is well established that Rule 8 "sets out a minimum standard for the sufficiency of complaints" in order "to give fair notice of the claim[s] being asserted" and the grounds upon which they rest. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons, "[a] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" does not comply with Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (internal quotation marks and citation omitted). Here, Plaintiffs' everchanging, ever-expanding, and often-confusing allegations—spanning hundreds of pages—run

4

afoul of Rule 8's requirements.  The Court concludes that requiring Defendants to review, to comprehend, and to respond to those allegations would impose an unreasonable burden and would fail to promote "the just, speedy, and inexpensive determination of [the pending] action," Fed. R. Civ. P. 1.

Finally, the Court's standing order requires that "[a]ny amended or proposed amended pleadings or other filings must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing." Dkt. 21 at 3.  The Court has repeatedly ordered Plaintiffs to provide redline comparisons in compliance with the Court's standing order.  *See* Minute Order (Sept. 4, 2020); Minute Order (Sept. 28, 2020).  Plaintiffs have not done so, and Plaintiffs' failure to abide by the Court's orders respecting proposed amendments provides yet another reason to deny their request for leave to amend or to supplement the complaint.  Nor is this a mere technicality; efforts to discern how Plaintiffs propose to amend their hundreds of pages of pleadings would take Defendants and the Court days of unnecessary work.  And that effort would, in all likelihood, have to be duplicated, triplicated, or more, given the frequency with which Plaintiffs have sought leave to amend throughout the course of this litigation.  *See* Dkt. 3; Dkt. 6; Dkt. 11; Dkt. 14; Dkt. 20; Dkt. 25; Dkt. 28; Dkt. 30; and Dkt. 31.

For these reasons, the Court will deny Plaintiffs' motions to amend their complaint or to file a supplemental pleading.  Dkt. 25; Dkt. 28; Dkt. 30; Dkt. 31.

## B.    Motion to Intervene

On September 29, 2020, James Joseph Ryan and James "Jimmy" Anthony Koki Ryan filed a motion to intervene in this action.  Dkt. 26.  The motion avers that the proposed intervenors "are currently living in Japan;" that "Jimmy was used for cruel and inhuman medical

experiments;" and that Plaintiff Margaret Bozgoz is an "advocate" for Jimmy under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Dkt. 26 at 2.

Under Federal Rule of Civil Procedure 24, "the [C]ourt must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In addition, "the [C]ourt may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Here, the motion to intervene raises no issue of law or fact in common with this action and does not point to any conditional or unconditional right to intervene granted by federal statute. The Court, moreover, can discern no way in which denying the motion will as a practical matter impair or impede the Ryans' ability to protect their interests. In addition, the Court is unpersuaded that Margaret Bozgoz is authorized to represent the Ryans' interests before this Court. Finally, the Court again reiterates that the limited scope of this proceeding does not extend beyond the parties and allegations severed from 19-cv-239 before Judge Jackson, which did not include or reference the allegations undergirding the Ryans' motion to intervene. Accordingly, the Court will deny the motion to intervene, Dkt. 26.

## C.    Motion to Compel

Plaintiffs also move to compel the USMS to execute summonses on their behalves. Dkt. 27. This is the second time Plaintiffs have made such a motion. Dkt. 9. In denying Plaintiffs' first such effort, the Court noted that "Plaintiffs have not demonstrated why they cannot arrange

for service without the assistance of the Marshals Service" and referred Plaintiffs "to Federal

Rule of Civil Procedure 4, which addresses how to effect service." Dkt. 7 at 3.  Now, much like

then, Plaintiffs have not demonstrated why they cannot arrange for service without the assistance

of the USMS or why good cause exists for service to be effected on their behalves.  *See*

*generally* Fed. R. Civ. P. 4.  Moreover, Plaintiffs are not proceeding *in forma pauperis* and thus

bear the burden to effect service, *id.*, as they themselves recognize, Dkt. 27 at 1.

The Court understands that Plaintiffs have faced difficulties effecting service in-person,

including, for example, an alleged assault committed against a process server that Plaintiffs

employed.  *See id.* at 2–3.  The Court also recognizes that Plaintiffs have argued that their

disabilities require that they receive accommodations with respect to service of process.  Dkt. 2.

With respect to those defendants who are officers or employees of the United States, however,

Plaintiffs may (among other alternatives) make appropriate arrangements for "[a]ny person who

is at least 18 years old and not a party" to the case to effect service by sending a copy of the

summons and complaint by registered or certified mail to (i) that officer or employee; (ii) the

civil-process clerk at the United States Attorney's Office for the District of Columbia; and

(iii) the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(c)(2), (i)(2).

And for any defendants who are not officers or employees of the United States being sued in

their official capacity, Plaintiffs may effect service pursuant to D.C. law, *see* Fed. R. Civ. P. 4(e),

which permits a non-party, over the age of 18, to effect service by registered or certified mail,

*see Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 353–54 (D.D.C. 2020); *see also*

D.C. R. Civ. P. 4(c)(2), (4).[1]  Plaintiffs have not explained why these methods of service—

---

[1]  Several opinions in this district have assumed that plaintiffs may, instead of relying on a non-party, themselves effect service by mail under D.C. law.  *See, e.g.*, *Brodie v. Worthington*, No.

neither of which require in-person contact with Defendants and both of which permit service by registered or certified mail—would prove unsuccessful or futile in this case, such that the assistance of the USMS would be required.

Plaintiffs' Motion to Compel, Dkt. 27, will therefore be denied.

## D.   Dismissal

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiffs' supplemental complaint was deemed filed on September 4, 2019, Dkt. 1, requiring service upon Defendants to be effected on or before December 3, 2019. Plaintiffs failed to effect service within the required timeframe and instead, on December 9, 2019, Dkt. 2, and then again on January 17, 2020, Dkt. 4, moved for an extension of time to effect service. The Court granted these requests in an order dated February 4, 2020. Dkt. 7 at 4. The Court then ordered Plaintiffs "to serve the complaint and summons upon the Defendants in this matter, in accordance with Federal Rule of Civil Procedure 4, on or before March 20, 2020 and to file proof of service on the docket by that date." *Id.* Finally, the Court warned Plaintiffs that "[i]f the complaint and summons are not timely served, and if

---

09-cv-1828, 2010 WL 3892882 (D.D.C. Sept. 27, 2010) (observing, in a *pro se* matter, that service may be effected under D.C. R. Civ. P. 4(c)(3) by "mailing a copy of the summons, complaint and initial order to the person by registered or certified mail," but holding that service was ineffective for other reasons); *Byrd v. District of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005). Although this Court has, in an unrelated matter, "conclude[d] that Federal Rule of Civil Procedure 4 does not permit a party . . . to personally serve a summons and complaint, even if the party is permitted to do so under the relevant state law," *Johnson-Richardson*, 334 F.R.D. at 357, here, even assuming that Plaintiffs could effect service themselves, there is no indication they have ever attempted to do so.

Plaintiffs do not obtain an extension of time to serve for good cause, the Court will dismiss this action without prejudice pursuant to Fed. R. Civ. P. 4(m)." *Id.*

Six months later—well after the March 20, 2020 deadline—the Court issued a memorandum opinion and order recognizing that "[w]ith respect to the remaining non-federal defendants—Khalil James, Tracy D'Souza, J. Gray, Tawana Holland, and John McCarthy—there is no evidence that Plaintiffs properly effected service on them." *Bozgoz*, 2020 WL 4462980, at *6. Consequently, the Court once again ordered Plaintiffs to "file proof of service with respect to the remaining non-federal defendants on or before August 25, 2020," and, once again, "cautioned [Plaintiffs] that, if they fail to file proof of proper service of process by that date as to any of the remaining non-federal defendants, or fail to show good cause by August 25, 2020 why the Court should further extend that deadline, the Court 'must dismiss the action without prejudice against any such defendant' pursuant to Federal Rule of Civil Procedure 4(m)." *Id.*

The August 25 deadline came and went without proof of service. And so, on September 4, 2020, the Court—for the third time—instructed Plaintiffs to "file proof of service with respect to the remaining non-federal defendants" on or before September 17, 2020 and "cautioned [Plaintiffs] that if they do not file proof of service on the non-federal defendants, or show good cause why the time to serve should be extended, on or before September 17, 2020, the Court must dismiss the action against those defendants pursuant to Federal Rule of Civil Procedure 4(m)." Minute Order (Sept. 4, 2020). Instead of complying with the Court's September 17, 2020 deadline, however, Plaintiffs filed a second motion on September 29, 2020 asking the Court to order the USMS to effect service on Plaintiffs' behalves. Dkt. 27. The substance of the

motion was identical to Plaintiffs' earlier motion seeking the USMS's assistance in effecting service, Dkt. 9 at 10–14, which the Court had already denied, Dkt. 7 at 3.

At this point, then, despite three orders from the Court admonishing Plaintiffs either to effect service or to show good cause for extending their time to do so, and warning Plaintiffs that noncompliance with the Court's orders would lead to dismissal under Federal Rule of Civil Procedure 4(m), Plaintiffs have neither effected service nor asked the Court to extend their time to do so. While "*pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process," *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 188 (D.D.C. 2008) (quoting *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)), a plaintiff's *pro se* status is not a "license . . . to ignore the Federal Rules of Civil Procedure," *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Nearly 600 days have elapsed since the filing of the complaint, and service on the non-federal Defendants is still wanting. Plaintiffs have, moreover, received repeated warnings that the Court will dismiss the claims against the unserved defendants under these circumstances, and they have ignored those orders. As a result, Rule 4(m) requires that the Court now dismiss the claims against the unserved non-federal Defendants without prejudice.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' motions, Dkt. 25; Dkt. 26; Dkt. 27; Dkt. 28; Dkt. 30; Dkt. 31, are **DENIED**; it is further

**ORDERED**, upon consideration of the Federal Defendants' status report, Dkt. 32, that the Federal Defendants shall file any motion to dismiss in this action on or before May 7, 2021; and is further

**ORDERED** that the non-federal Defendants in this case—Khalil James, Tracy D'Souza, J. Gray, Tawana Holland, and John McCarthy—are dismissed without prejudice in light of Plaintiffs' failure to serve them in compliance with Federal Rule of Civil Procedure 4.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 16, 2021